UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CONNIE A.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5243 RBL

ORDER REVERSING AND REMANDING DENIAL OF BENEFITS

## I. INTRODUCTION

Plaintiff Connie A. seeks review of the denial of her application for supplemental security income and disability insurance benefits. Compl. (Dkt. 3). Plaintiff has severe impairments of left eye blindness and right eye diabetic retinopathy with macular edema. Admin. Record ("AR") at 17.

Plaintiff applied for disability benefits on June 14, 2016, alleging disability as of June 3, 2016. *Id.* at 66, 183-90. Plaintiff's application was denied on initial review and on reconsideration. *Id.* at 66-83, 86-105. At Plaintiff's request, Administrative Law Judge ("ALJ") Allen G. Erickson held a hearing on Plaintiff's claims. *Id.* at 27-63. On June 13, 2018, ALJ Erickson issued a decision finding Plaintiff not disabled and denying her claim for benefits. *Id.* at 15-21. The Appeals Council denied review. *Id.* at 1-3.

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 1

Plaintiff argues that the ALJ erred by (a) failing to fully develop the record to determine whether Plaintiff met a listing for her visual impairments, (b) failing to properly evaluate Plaintiff's symptom testimony, (c) failing to properly evaluate the opinions of consulting doctor Bryan Packer, M.D., and (d) failing to find Plaintiff's alleged headaches severe impairments at step two. Pl. Op. Br. (Dkt. 9) at 1.

## II. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

### A. The ALJ Harmfully Erred in Failing to Fully Develop the Record

Plaintiff argues that the ALJ erred by failing to fully develop the record as to whether Plaintiff's visual impairments met the requirements for listing 2.02, 2.03, or 2.04. Pl. Op. Br. at 3-5. Listing 2.02 relates to visual acuity, listing 2.03 relates to contraction of the visual field, and listing 2.04 relates to loss of visual efficiency. 20. C.F.R. Part 404, Subpart P, App. 1, § 2.02-04. ALJ Erickson stated that he considered these three listings, but explained only that "the evidence does not establish that the claimant meets any of the listings." AR at 18.

Plaintiff lost sight in her left eye in June 2016, and had the eye removed in February 2017. *Id.* at 367, 863. She received injections into her right eye on a near-monthly basis from the alleged onset date through the date of her hearing before ALJ Erickson. *See id.* at 426, 694-95, 709-10, 721, 731, 737, 743, 749, 754, 979, 985, 992. Plaintiff had laser surgery on her right eye in October 2016 and April 2017. *Id.* at 694-95, 709-10. The record indicates that, with some minor variation, Plaintiff had visual acuity of 20/25 in her right eye from her alleged onset date through the date of the ALJ's decision. *See* AR at 404, 414, 584, 982, 1013. Plaintiff also had normal results in her right eye on confrontation visual field testing. *See id.* at 413, 421, 585, 595, 601, 983, 1019. There is no opinion in the record from a treating or examining doctor regarding Plaintiff's visual impairments.

"The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). The duty to develop the record beyond the medical records themselves is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150).

The ALJ erred in failing to fully develop the record regarding Plaintiff's field of vision in her right eye. The Commissioner's regulations state that visual field testing is needed when a claimant has a visual disorder that could result in visual field loss. 20 C.F.R. Part 404, Subpart P, App. 1, § 2.00(A)(6)(a). The only tests of Plaintiff's visual field in the record are confrontation tests. *See* AR at 413, 421, 585, 595, 601, 983, 1019. However, the Commissioner's regulations state that the Commissioner "will not use the results of visual field

testing, such as confrontation tests . . . to determine that [a claimant's] impairment meets or medically equals a listing or to evaluate [the claimant's] residual functional capacity." 20 C.F.R. Part 404, Subpart P, App. 1, § 2.00(A)(6)(f). The record therefore lacked adequate test results from which to determine whether Plaintiff's vision impairments met a listing, and the ALJ had a duty to further develop the record to resolve this issue. The ALJ erred in failing to do so.

**B.      The ALJ Partially Erred in Discounting Plaintiff's Testimony**

Plaintiff argues that ALJ Erickson erred in rejecting her subjective symptom testimony. Pl. Op. Br. at 6-11. Plaintiff testified that she has been blind in her left eye since the alleged onset date, and has had her left eye removed. AR at 44, 47. Plaintiff testified that she has blurry vision in her right eye, with sensitivity to light. *Id.* at 44-45, 226. Plaintiff testified that her field of vision was affected, as "the edges of [her] vision kind of flicker." *Id.* at 45. Plaintiff testified that she gets a severe headache about once a week, for which she takes ibuprofen and needs to lay down in the dark for around two hours. *Id.* at 49-50, 54, 226.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could have caused some degree of the symptoms; she does not have to show that the impairment could be expected to cause the severity of the symptoms alleged. *Id.* ALJ Erickson found that Plaintiff met this step because her medically determinable impairments could have caused the symptoms she alleged. AR at 20.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan*, 242 F.3d at 1148.

ALJ Erickson rejected Plaintiff's symptom testimony because he found it inconsistent with the medical evidence and Plaintiff's daily activities. *See* AR at 20. ALJ Erickson partially erred in doing so.

ALJ Erickson reasonably rejected Plaintiff's testimony regarding her visual acuity as contradicted by the objective medical evidence. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). Contrary to Plaintiff's claims, treatment records showed that Plaintiff's visual acuity in her right eye was relatively normal. *See* AR at 404, 414, 584, 982, 1013. As ALJ Erickson noted, Plaintiff reported that she was "seeing well" after she got new glasses in October 2017. *Id.* at 20, 981. ALJ Erickson reasonably determined that this evidence contradicted Plaintiff's claims of blurry vision in her right eye.

ALJ Erickson did not reasonably reject Plaintiff's testimony regarding her field of vision and headaches. The medical evidence to which ALJ Erickson referred related only to visual acuity. *See id.* at 20, 404, 414, 584, 982. ALJ Erickson made no effort to tie that evidence to

Plaintiff's testimony regarding her field of vision and headaches. *See id.* at 20. ALJ Erickson thus erred in rejecting this portion of Plaintiff's testimony based on the medical evidence. *See Trevizo*, 871 F.3d at 678.

ALJ Erickson did not reasonably interpret the evidence in finding that Plaintiff's daily activities contradicted her symptom testimony. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). However, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603). ALJ Erickson noted that Plaintiff handled her own personal care, attended medical appointments, shopped in grocery stores, cleaned, prepared simple meals, talked on the phone with family, could pay attention as needed, and could follow written instructions. AR at 20, 227-33. But these are basic activities of living. They do not contradict Plaintiff's testimony that she had vision issues, nor do they demonstrate that Plaintiff could perform physical functions transferable to a work setting at a sustained level. *See Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). ALJ Erickson consequently erred in rejecting Plaintiff's testimony based on her daily activities.

In sum, ALJ Erickson reasonably rejected Plaintiff's testimony regarding her visual acuity, but did not reasonably reject Plaintiff's testimony regarding her field of vision impairments and headaches. These errors were harmful because the Court cannot confidently

ORDER REVERSING AND REMANDING
DENIAL OF BENEFITS - 6

conclude that a reasonable ALJ would have reached the same conclusion if the ALJ had credited the rejected testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

C.  **The ALJ Did Not Harmfully Err in Rejecting Dr. Packer's Opinions**

Plaintiff argues that the ALJ erred in rejecting Dr. Packer's opinions. Pl. Op. Br. at 6. Dr. Packer did not examine Plaintiff, but reviewed medical reports from Plaintiff's eye doctors. *See* AR at 809-12. Dr. Packer noted that Plaintiff's right eye vision was blurred as of July 14, 2016, but her central visual acuity remained 20/25. *Id.* at 809. Dr. Packer opined that Plaintiff should be restricted to less than sedentary work. *Id.* Dr. Packer explained that Plaintiff was "unsafe around even basic work hazards due to bilateral eye pathology and [left] eye blindness." *Id.* Dr. Packer noted that Plaintiff was unsafe to stand and walk for even brief periods. *Id.* Dr. Packer further opined that Plaintiff had exertional, environmental, postural, and gross/fine motor skill restrictions. *Id.* Dr. Packer opined that Plaintiff was moderately limited in her ability to "[p]erform activities within a schedule, maintain regular attendance and be punctual within customary tolerances." *Id.*

The ALJ gave Dr. Packer's opinions little weight because "there is nothing in the record to support a sedentary limitation or that there would be 'severe' problems maintaining regular attendance." *Id.* at 20.

Plaintiff has failed to establish that ALJ Erickson harmfully erred in rejecting Dr. Packer's opinions. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). ALJ Erickson reasonably determined that the record did not support Dr. Packer's opinion that Plaintiff was limited to less than sedentary

work and would not be able to maintain regular attendance. The medical evidence largely consisted of treatment records relating to Plaintiff's eyes. *See* AR at 398-545, 581-618, 968-1027. Dr. Packer did not point to any medical records measuring or addressing Plaintiff's exertional abilities, such as how much Plaintiff could lift or how long she could stand. *See id.* at 809-12. The ALJ thus reasonably concluded that Dr. Packer's opinions lacked support, and were therefore entitled to little weight. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

**D.     The ALJ Did Not Harmfully Err at Step Two**

Plaintiff argues that ALJ Erickson erred at step two by failing to find that Plaintiff had headaches that were severe impairments. Pl. Op. Br. at 11. ALJ Erickson did not address headaches at step two of the disability evaluation, but noted them as one of Plaintiff's reported symptoms. *See* AR at 17-19.

The step two analysis is a gatekeeping device used to screen out weak claims. *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). At step two, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is medically determinable only when its existence can be shown through objective medical evidence such as laboratory findings and tests done using acceptable clinical diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, at *1 (July 2, 1996)). "'[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.'" *Ukolov*, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1-2).

1 | Plaintiff has failed to show harmful error at step two. *See Ludwig*, 681 F.3d at 1054. The record does not reveal any clinical findings or diagnoses of headaches as an impairment, other than perhaps as a symptom of Plaintiff's visual impairments. Headaches were not a medically determinable impairment, and ALJ Erickson was under no obligation to discuss them at step two.

Plaintiff awkwardly links her step two argument with an argument that ALJ Erickson's RFC determination was erroneous. *See* Pl. Op. Br. at 11. Because ALJ Erickson did not err at step two, the argument fails. Nonetheless, ALJ Erickson's RFC determination was erroneous. As discussed above, ALJ Erickson erred in failing to adequately address Plaintiff's symptom testimony regarding her headaches. *See supra* Part II.B. ALJ Erickson's RFC determination is therefore unsupported by substantial evidence because it fails to include all of Plaintiff's limitations. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 (9th Cir. 2007).

**E.     Scope of Remand**

Plaintiff asks the Court to remand for an award of benefits. Pl. Op. Br. at 11-12. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). If there are outstanding evidentiary issues or further administrative proceedings would be useful, the matter should be remanded for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). That is clearly the case here, as Plaintiff has successfully argued that the record requires further development regarding the extent of Plaintiff's field of vision impairments. *See supra* Part II.A. Moreover, ALJ Erickson reasonably rejected some of Plaintiff's testimony, as well as Dr. Packer's opinions. *See supra* Part II.B-C. The record that remains does not conclusively establish whether Plaintiff is disabled, so remand for further proceedings is the appropriate remedy. *See Treichler*, 775 F.3d at 1105-06.

On remand, the ALJ must reevaluate Plaintiff's symptom testimony regarding her field of vision impairments and headaches, fully develop the record regarding Plaintiff's field of vision impairments, including ordering a consultative examination as necessary, and reassess the disability evaluation as appropriate. The ALJ shall conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of September, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge